# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 11, 2011

Lyle W. Cayce
Clerk

No. 10-40718
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL JIMENEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-155-1

Before WIENER, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Daniel Jimenez appeals his jury trial conviction and sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. The district court sentenced Jimenez to a term of life in prison to be followed by ten years of supervised release. He claims that the evidence was insufficient to sustain the conviction.

Jimenez moved for a judgment of acquittal at the close of the government's case-in-chief, but he failed to renew the motion at the close of all evidence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Therefore, our review is limited to whether there has been a "manifest miscarriage of justice," which occurs only when (1) the record is devoid of evidence of guilt or (2) the evidence on a key element of the offense is so tenuous that a conviction would shock the conscience. *See United States v. Miller*, 576 F.3d 528, 529-30 & n.2 (5th Cir.) (internal citations and quotation marks omitted), *cert. denied*, 130 S. Ct. 652 (2009); *United States v. Rodriguez-Martinez*, 480 F.3d 303, 307 (5th Cir. 2007).

Jimenez contends that the evidence was insufficient for the jury to conclude that he knew about and willfully participated in the conspiracy. At trial, several admitted members of the conspiracy expressly identified Jimenez as a participant and offered corroborating testimony about his involvement. Testifying officials who conducted surveillance on Jimenez interpreted recorded phone conversations and meetings that suggested his involvement in the conspiracy. Additionally, an officer who participated in an attempt to purchase cocaine from Jimenez testified before the jury about her experience.

As the record contains direct and circumstantial evidence of Jimenez's involvement in the drug conspiracy, he has failed to demonstrate that the record is devoid of evidence of his guilt or that the evidence on a key element of his offense is so tenuous that his conviction would shock the conscience. *See Rodriguez-Martinez*, 480 F.3d at 307; *see also United States v. Ramirez-Velasquez*, 322 F.3d 868, 881 (5th Cir. 2003) (affirming conspiracy conviction, under the ordinary sufficiency standard, where the "aggregation of circumstances" supported the jury's verdict). As for Jimenez's contention that the government's case rested on the testimony of co-conspirators who were cooperating in exchange for reduced sentences, it was within the province of the jury to determine credibility and the weight of the evidence. *See United States v. Johnson,* 381 F.3d 506, 508 (5th Cir. 2004).

AFFIRMED.